# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

**HENRY HUNT, individually and on behalf of all others similarly situated,**

    **Plaintiff,**

v.

**HOOAH SECURITY SERVICES, LLC, and RICK BAILEY**

    **Defendants.**

Case No: _____

FLSA COLLECTIVE ACTION

JURY DEMANDED

## COLLECTIVE ACTION COMPLAINT

PLAINTIFF, Henry Hunt, brings this action against the Defendants on behalf of himself and others similarly situated.

### I. PARTIES, JURISDICTION, AND VENUE

1. This case arises under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*.

2. The Court has subject matter jurisdiction pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §216(b) and 28 U.S.C. §1337. The Court has personal jurisdiction over the Plaintiff who is a resident of Shelby County, Tennessee, and the Defendants, who do business in the state of Tennessee.

3. Venue lies in the Western District of Tennessee, pursuant to 28 U.S.C. §1391, because Defendants do business in this district and a substantial part of the alleged events or omissions giving rise to this action occurred in this district.

4. Plaintiff is a former employee of Defendants. During his employment with Defendants,

he was a covered employee under the FLSA.

5. Defendant Hooah Security Services, LLC is a domestic limited liability corporation with a principal place of business at 5990 Carriage Drive, Bartlett, Tennessee, 38134, and may be served with process through its registered agent, National Registered Agents, Inc. 800 S. Gay Street, Suite 2021, Knoxville, Tennessee, 37929.

6. Defendant Rick Bailey is an individual who is acting directly or indirectly in the interest of Defendant Hooah Security Services in relation to the Plaintiff. He has operational control over Hooah Security Services. He is thus an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

7. Defendant Rick Bailey may be served with process at 5990 Carriage Drive, Bartlett, Tennessee, 38134.

8. At all relevant times, Defendants were both covered "employers" under the FLSA and are engaged in a commercial enterprise.

## II. INTRODUCTION

9. Plaintiff brings this claim individually and as part of a collective action, under the FLSA, 29 U.S.C. § 216(b) on behalf of other employees of Defendants who were denied overtime compensation by Defendants. The collective action claims are for overtime compensation, liquidated damages, interest, and attorneys' fees and costs pursuant to the FLSA, 29 U.S.C. §§ 207, 216(b).

## III. FACTUAL BASIS FOR SUIT

10. Plaintiff is a former employee of Defendants. Plaintiff worked for Defendants from approximately May 12, 2017, until approximately June 11, 2017. During Plaintiff's employment, Plaintiff performed work in excess of forty (40) hours per week on a

regular and repeated basis.

11. In addition to Plaintiff, other similarly situated hourly employees of Defendants performed work in excess of forty (40) hours on a regular and repeated basis.

12. Hourly employees who work more than forty (40) hours per week are entitled to overtime compensation for those hours worked in excess of forty (40). 29 C.F.R. § 778.101.

13. Under the Fair Labor Standards Act, "overtime must be compensated at a rate not less than one and one-half times the regular rate at which the employee is actually employed" during the first forty (40) hours of work. 29 C.F.R. § 778.107.

14. When Plaintiff worked more than forty (40) hours during a week, Defendants did not compensate Plaintiff at a rate of "one and one-half times the regular rate at which [the Plaintiff was] actually employed" for the first forty (40) hours of work. *See* 29 C.F.R. §778.107.

15. In addition, Defendants failed to pay other similarly situated employees at a rate of "one and one-half times the regular rate at which they were actually employed for the first forty hours of work when they worked more than forty (40) hours during a week.

16. Defendants' intentional failure to pay Plaintiff and other similarly situated employees all of their wages are willful violations of the FLSA within the meaning of 29 U.S.C. § 255(a), as Defendants knew, or showed reckless disregard for the fact that their compensation practices were in violation of these laws.

17. Defendants are unable to bear their "substantial burden" of showing that their failure to comply with the FLSA was in good faith and predicated on reasonable grounds. *Laffey v. Northwest Airlines,* 567 F.2d 429, 464 (D.C. Cir. 1976); 29 U.S.C. §216(b);

29 U.S.C. §260.

18. Some evidence generally reflecting the number of uncompensated hours worked by each class member and the compensation rates for the relevant work periods is in the possession of Defendants. While Plaintiff is unable to state at this time the exact amount owing to the class, Plaintiff proposes to obtain such information by appropriate and focused discovery proceedings to be taken promptly in this action, and request that damages or restitution be awarded according to proof thus obtained and presented to the Court.

19. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) as to claims for overtime compensation, liquidated damages, interest, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees of Defendants are similarly situated to Plaintiff with regard to their wages and damages, in that they have been denied proper overtime compensation for at least three (3) years prior to the filing of this complaint. Plaintiff is a representative of those other current and former employees and is acting on behalf of their interests as well as Plaintiff's own interests in bringing this action. Those similarly situated employees are known to Defendants and are readily identifiable, and may be located through Defendants' records. These similarly situated employees may readily notified of this action and allowed to "opt in" pursuant to 29 U.S.C. § 216(b), for purposes of collectively adjudicating their claims for overtime compensation, liquidated damages, interest, attorneys' fees, and costs under the FLSA

## IV. CAUSES OF ACTION

20. The forgoing facts are incorporated by reference as if fully stated herein.

21. Plaintiff brings the following claim against Defendants: Willful failure to pay overtime wages in violation of the Fair Labor Standards Act of 1938.

## V. PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF prays for the following relief:

A. An Order designating this action as an opt in collective action for claims under the FLSA, and directing the issuance of notice pursuant to 29 U.S.C. §216(b) for the claims of the class;

B. An Order appointing Plaintiff and Plaintiff's counsel to represent those individuals opting in to the collective action;

C. A Declaration that Defendants have willfully violated the FLSA;

D. An award to Plaintiff and others similarly situated who opt into this action of damages in the amount of all applicable statutory and common law damages;

E. An award to Plaintiff and others similarly situated who opt into this action of interest and liquidated damages in an amount equal to the compensation shown to be owed to them pursuant to 29 U.S.C. § 216(b);

F. An award to Plaintiff and others similarly situated who opt into this action of reasonable attorneys' fees and costs, pursuant to 29 U.S.C. § 216(b); and

G. An award of such other and further legal and equitable relief as may be appropriate.

Respectfully submitted,

GILBERT McWHERTER SCOTT
BOBBITT PLC

*s/ Emily S. Emmons*
EMILY S. EMMONS (#033281)
341 Cool Springs Boulevard, Suite 230
Franklin, Tennessee 37174
Telephone: 615-354-1144

Facsimile: 731-664-1540
eemmons@gilbertfirm.com

*ATTORNEY FOR PLAINTIFF*