## **SETTLEMENT AGREEMENT**

This Settlement Agreement ("Agreement") is entered into by and between Henry Hunt ("Plaintiff") and Hooah Security Services, LLC, and Ric Bailey ("Defendants") (collectively "Parties").

## **RECITALS**

This AGREEMENT is made with reference to the following facts:

A. **WHEREAS**, Plaintiff filed a lawsuit against Defendants that is currently pending in the United States District Court for the Western District of Tennessee styled as *Henry Hunt, Individually and on Behalf of all Others Similarly Situated, Plaintiff, v. Hooah Security Services, LLC, and Ric Bailey, Defendants.* Case No. 2:17-cv-02449-JPM-tmp ("the Lawsuit"): and,

B. **WHEREAS**, no class certification has occurred in this litigation, and there are no identified but unnamed Plaintiffs;

C. **WHEREAS**, Defendants deny the validity of Plaintiff's claims and deny that they are subject to any liability; and,

D. **WHEREAS**, all Parties wish to settle their differences without resort to further litigation; and,

E. **WHEREAS**, Defendants are willing to provide Plaintiff with certain considerations described below, which they are not ordinarily required to, provided Plaintiff releases Defendants from any wage and hour claims, including claims arising under the Fair Labor Standards Act, that Plaintiff has made or might make arising out of his employment with Defendants and agree to comply with the other promises and conditions set forth in this Agreement.

**NOW THEREFORE**, in consideration of the mutual covenants and promises contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged by the Parties, the Parties agree to be legally bound by the following terms and conditions, which constitute full settlement of any and all disputes between them:

1. **Recitals:** The Parties acknowledge that the "WHEREAS" clauses preceding paragraph 1 are true and correct, and are incorporated herein as material parts to this Agreement.

2. **Settlement Sum:** As consideration for signing this Agreement and compliance with the promises made herein, Defendants agree to pay the total sum of $3,330.08 which is based on reasonable attorney's fees and costs, $2,900.00 to Plaintiff's attorneys, Gilbert McWherter Scott Bobbitt, $199.08 in damages to Plaintiff for non-timely payment of minimum and/or overtime wages, for which a W-2 tax form will issue, and $231.00 in liquidated damages to Plaintiff for non-timely payment of

1

minimum and/or overtime wages, for which an appropriate 1099-Misc tax form will be issued. The settlement payment shall be paid as follows: Defendants have already paid Plaintiff the sum of $199.08. Upon receipt of Court approval all remaining amounts will be paid within three (3) days.

3. **Consideration:** Plaintiff understands and agrees that he would not receive the monies and/or benefits specified in paragraph 1, above, but for his execution of this Agreement and the fulfillment of the promises contained herein.

4. **Release of Claims:** In exchange for, and in consideration of, the payments, benefits, and other commitments described above, Plaintiff, for himself and for each of his heirs, executors, administrators, and assigns, hereby fully releases, acquits, and forever discharges Defendants and each of their predecessors, successors and assigns, parent corporations, subsidiary corporations, affiliated corporations, and the officers, directors, shareholders, owners, partners, employees, attorneys and agents, past and present, of each of the aforesaid entities of and from any and all claims, liabilities, causes of action, damages, costs, attorneys' fees, expenses, and compensation whatsoever, of whatever kind or nature, in law, equity or otherwise, whether known or unknown, vested or contingent, suspected or unsuspected, that Plaintiff may now have, has ever had, or hereafter may have relating directly or indirectly to any wage and hour matter, including claims under the Fair Labor Standards Act, arising out of Plaintiff's employment with Defendants, including, but not limited to, claims for unpaid minimum wages and overtime wages, which, have been fully paid to Plaintiff prior to the execution of this Agreement, or are fully paid by way of paragraph 2 of this Agreement. This Agreement shall not apply to rights or claims that may arise after the Effective Date of this Agreement. Plaintiff hereby releases, acquits and forever discharges Defendants from any rights or claims involving the Tennessee Human Rights Act, the Civil Act Rights Act of 1964 and other Federal and State laws involving discrimination in employment.

5. **Confidentiality:** The Parties desire to keep the matter confidential and will do so to the fullest extent allowed by the Court.

6. **Affirmations:** Plaintiff represents and affirms that he has been paid and/or received all compensation, wages, and/or benefits to which he may be entitled and that no other compensation, wages, and/or benefits are due him, except as provided for in this Agreement.

7. **No Assignment:** The Parties represent and warrant that no person other than the signatories hereto had or has any interest in the matters referred to in this Agreement, that the Parties have the sole right and exclusive authority to execute this Agreement, and that the Parties have not sold, assigned, transferred, conveyed, or otherwise disposed of any claim, demand or legal right that is the subject of this Agreement.

8. **Governing Law and Jurisdiction:** This Agreement shall be governed in accordance with the laws of the State of Tennessee without regard to its conflict of laws provision and jurisdiction as to the enforcement of the Agreement shall remain

with the Western District of Tennessee and the Honorable Jon P. McCalla, United States District Judge.

9.  **No Admission of Liability:** The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Defendants of any liability or unlawful conduct of any kind.

10. **Modification of Agreement:** This Agreement may not be amended, revoke, changed, or modified in any way, except in writing executed by all Parties.

11. **Severability:** The Parties explicitly acknowledge and agree that the provisions of this Agreement are both reasonable and enforceable. However, if any portion or provision of this Agreement is determined to be illegal, invalid, or unenforceable by any court of competent jurisdiction and cannot be modified to be legal, valid, or enforceable, the remainder of this Agreement shall not be affected by such determination and shall be valid and enforceable to the fullest extent permitted by law, and said illegal, invalid, or unenforceable portion or provision shall be deemed not to be a part of this Agreement.

12. **Binding Nature of Agreement:** This Agreement shall be binding upon each of the Parties and upon their respective heirs, administrators, representatives, executors, successors, and assigns, and shall inure to the benefit of each party and to their respective heirs, administrators, representatives, executors, successors, and assigns.

13. **Entire Agreement:** This Agreement sets forth the entire Agreement between the Parties hereto, and fully supersedes any prior obligation of Defendants to Plaintiff, who also acknowledges that he has not relied on any representations, promises, or agreements of any kind made to him in connection with his decision to accept this Agreement, except for those set forth in this Agreement.

**ACCEPTED AND AGREED:**

By: _Henry Hunt_    12/6/2017
**Henry Hunt**      **Date**


**HOOAH SECURITY SERVICES, LLC**

By:_____    _____
   **Ric Bailey**                **Date**

By:_____    _____
   **Ric Bailey, Managing Member**   **Date**

3

with the Western District of Tennessee and the Honorable Jon P. McCalla, United States District Judge.

9. **No Admission of Liability:** The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Defendants of any liability or unlawful conduct of any kind.

10. **Modification of Agreement:** This Agreement may not be amended, revoke, changed, or modified in any way, except in writing executed by all Parties.

11. **Severability:** The Parties explicitly acknowledge and agree that the provisions of this Agreement are both reasonable and enforceable. However, if any portion or provision of this Agreement is determined to be illegal, invalid, or unenforceable by any court of competent jurisdiction and cannot be modified to be legal, valid, or enforceable, the remainder of this Agreement shall not be affected by such determination and shall be valid and enforceable to the fullest extent permitted by law, and said illegal, invalid, or unenforceable portion or provision shall be deemed not to be a part of this Agreement.

12. **Binding Nature of Agreement:** This Agreement shall be binding upon each of the Parties and upon their respective heirs, administrators, representatives, executors, successors, and assigns, and shall inure to the benefit of each party and to their respective heirs, administrators, representatives, executors, successors, and assigns.

13. **Entire Agreement:** This Agreement sets forth the entire Agreement between the Parties hereto, and fully supersedes any prior obligation of Defendants to Plaintiff, who also acknowledges that he has not relied on any representations, promises, or agreements of any kind made to him in connection with his decision to accept this Agreement, except for those set forth in this Agreement.

**ACCEPTED AND AGREED:**

By: _____        _____
     **Henry Hunt**                                          **Date**


**HOOAH SECURITY SERVICES, LLC**

By: _____        _____13 Dec 17_____
     **Ric Bailey**                                            **Date**

By: _____        _____13 Dec 17_____
     **Ric Bailey, Managing Member**              **Date**

3